■ ROY FEATHERSTONE, Respondent-Appellant, v CAMBRIDGE MUTUAL FIRE INSURANCE Co., Appellant-Respondent, et al., Defendants.—Cross appeals from an order of the Supreme Court at Special Term, entered May 31, 1979 in Ulster County, which denied defendant's motion for summary

judgment dismissing the complaint and for judgment on its counterclaim and which denied plaintiff's motion for summary judgment granting the relief sought in his complaint and dismissing the counterclaim. On March 1, 1977, defendant Cambridge Mutual Fire Insurance Co. issued a $5,000 insurance policy to plaintiff, insuring him against loss of certain law office furniture and fixtures by reason of theft, wrongful conversion or any wrongful taking of such furniture and fixtures. In the summer of 1977, plaintiff had a dispute with his associate, Anthony M. Barraco, over the apportionment of an $80,000 legal fee. During the summer of 1977, plaintiff attempted to have his furniture removed from his law office by a relative, who was denied access by Mr. Barraco. In the month of October, 1977, plaintiff commenced an action in conversion against Mr. Barraco. On or about January 4, 1978, the furniture was removed by Mr. Barraco from plaintiff's law office. Although plaintiff suspected that Mr. Barraco had the furniture, he filed a claim with defendant Cambridge Mutual Fire Insurance Co. on January 12, 1978, asserting that the 35 pieces of furniture, which were the subject of the pending conversion action, had been stolen or wrongfully converted. After conducting an investigation of the claim, defendant denied the claim by letter dated June 16, 1978, stating that from the investigation there appears to be no theft involved in the claim. In July, 1978, plaintiff commenced this action, alleging that on January 4, 1978 a theft and wrongful conversion of the furniture was committed on the premises described in the policy. The complaint also alleged two causes of action against this defendant, seeking punitive damages in the amount of $100,000. The answer denied the allegations of the complaint and asserted a counterclaim against plaintiff, alleging that plaintiff's action had no basis in law or in fact, and plaintiff had abused the process of the court. The answer also contained affirmative defenses alleging that the loss was a noncovered risk under the policy and that at the time of the loss, plaintiff was not the owner of the property. On November 16, 1978, plaintiff and Anthony Barraco entered into a consent agreement whereby the issues arising out of the disagreement concerning the apportionment of the $80,000 legal fee were submitted to a Justice of the Supreme Court for final determination, in consideration of mutual general releases. As further consideration of the consent agreement, Anthony Barraco agreed to turn over to plaintiff the furniture alleged to have been converted, upon payment to him of any moneys awarded to him. The consent agreement provided that "This agreement constitutes the entire understanding of the parties and is entered into for the purpose of resolving the issue concerning the equitable apportionment of the $80,000 fee and for termination of all existing lawsuits and the general release of all past or present claims between the parties." Since plaintiff has settled his claim of conversion against Barraco, no outstanding claim any longer exists, and no damages for loss could be established in the present action for theft and conversion. The coverage provided by defendant Cambridge Mutual Fire Insurance Company's policy of insurance is not effective here where plaintiff's alleged loss has been compromised and terminated. On or about February 6, 1979, defendant moved for summary judgment dismissing the complaint and for judgment on its counterclaim. Plaintiff cross-moved for summary judgment and to dismiss the answer and counterclaim. Special Term denied the motion and cross motion for summary judgment, asserting that the papers submitted did not exclude the existence of triable issues concerning the interpretation of the contract, the disclaimer, and the effect, if any, of the doctrine of estoppel. Defendant-appellant contends that the taking of property under a good faith claim of

right negates the presence of a felonious intent or theft, and that the loss herein does not fall within the coverage of the policy. It is also contended by defendant that plaintiff is not entitled to a recovery under the policy since he has regained full title to the furniture, together with the right of immediate possession, and has not, therefore, suffered any loss. Since there was no theft and no actual loss, plaintiff is not entitled to recover damages from the insurance company. Property insurance is a contract of indemnity. The extent and the limitation of recovery is founded on the concept of compensating for the loss which the insured has sustained. The insured cannot recover more than he lost. Plaintiff is only entitled to compensation for his loss. Plaintiff, having suffered no pecuniary loss, is not entitled to any compensation under the contract of insurance *(Oppenheimer v Baker & Williams,* 225 App Div 58). Order modified, on the law, by granting defendant's motion for summary judgment dismissing the complaint, and, as so modified, affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.